21-6039
Tamang v. Garland

BIA
Poczter, IJ
A208 927 763

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

<u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand twenty-three.

PRESENT:
>     **MICHAEL H. PARK,**
>     **BETH ROBINSON,**
>     **SARAH A. L. MERRIAM,**
>         *Circuit Judges.*

_____

SHURESH TAMANG,
>     *Petitioner,*

>     **v.**                                       21-6039
>                                                   NAC
MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:          Dilli Raj Bhatta, Esq., New York, NY.

FOR RESPONDENT:          Brian M. Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shuresh Tamang, a native and citizen of Nepal, seeks review of a January 8, 2021, decision of the BIA affirming a July 16, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Tamang Shuresh,* No. A 208 927 763 (B.I.A. Jan. 8, 2021), *aff'g* No. A 208 927 763 (Immigr. Ct. N.Y.C. July 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness[.]" *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]"); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determinations "under the substantial evidence standard[]").

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on" a variety of factors, including "the consistency

2

between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record ... , and any inaccuracies or falsehoods in such statements ... ."[1] 8 U.S.C. § 1158(b)(1)(B)(iii). We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistencies and omissions in Tamang's testimony, application, and documentary evidence regarding the alleged attack on him by Maoists in 2015, while he was living in a monastery, which he contended was in retaliation for his support of the Nepali Congress Party ("NCP"). *See* 8 U.S.C. § 1158(b)(1)(B)(iii). First, Tamang testified that Maoists said they were attacking him for supporting the NCP, but neither his

---

[1] An IJ may also rely on an applicant's "demeanor, candor, or responsiveness" in evaluating credibility. 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ stated that she had *considered* those factors but, contrary to Tamang's argument here, the IJ did not rely on demeanor *as a basis for the adverse credibility determination*.

3

written statement nor the Maoists' 2017 letter mentioned the NCP. Second, he testified that he spoke out against Maoists at public events at the monastery, but he did not mention that activity in his written statement or his initial testimony. Third, he testified that his wife and mother were living at the monastery with him when he was attacked, but their letters do not support that claim. Finally, he testified that Maoists attacked him at the monastery at 8:00 p.m. <u>after</u> he had distributed earthquake relief materials, but his mother's letter and a letter from the local NCP committee stated that he was beaten "while" distributing materials to victims of the earthquake.

Tamang was unable to explain the omissions and inconsistencies. Further, it was reasonable for the IJ to expect some reference to the NCP or political activities in the written statements because that was the only link to a protected ground, which would be required for Tamang to state a claim for asylum or withholding of removal. *See Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose."); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder

4

would be *compelled* to credit his testimony." (citation and quotation marks omitted)).

These inconsistencies, viewed cumulatively, constitute substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible."); *Xiu Xia Lin*, 534 F.3d at 167 ("'[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder.'" (quoting *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006))). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court